IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEMETRIUS JACKSON,                                          CV. 07-463-KI

        Petitioner,                              OPINION AND ORDER

   v.

J.E. THOMAS, Warden, FCI
Sheridan,

        Respondent.


   Francesca Freccero
   Assistant Federal Public Defender
   101 SW Main Street, Suite 1700
   Portland, Oregon 97204

        Attorney for Petitioner

   Scott Erik Asphaug
   Assistant United States Attorney
   Suzanne A. Bratis
   Assistant United States Attorney
   1000 S.W. Third Ave., Suite 600
   Portland, Oregon 97204-2902

        Attorneys for Respondent

KING, Judge

   Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.  Currently before

1 -- OPINION AND ORDER

the court is respondent's motion to dismiss. For the reasons set forth below, respondent's motion is granted, and this proceeding is dismissed for lack of jurisdiction.

## BACKGROUND

In 1998, petitioner was convicted in the Northern District of Indiana of possession of cocaine base, and possession with intent to distribute. Jackson v. United States, 463 F.3d 635, 636 (7th Cir. 2006). Petitioner subsequently was sentenced to 262 months imprisonment as a career offender. Id. The predicate offenses used for the career offender enhancement were a 1988 Indiana felony conviction for criminal recklessness, and a 1993 reckless homicide conviction. Id. at 637.

In 2000, petitioner filed a § 2255 motion in the Northern District of Indiana, alleging that he was denied due process and effective assistance of counsel because the 1988 Indiana conviction *should have been* reduced to a class A misdemeanor, pursuant to his plea agreement, after he successfully completed two years probation. Petitioner moved to stay the § 2255 proceeding pending his state challenge to his Indiana conviction. The district court denied the motion to stay, and denied petitioner's § 2255 motion. Id. Petitioner did not file an appeal.

In 2004, petitioner succeeded in having his Indiana conviction reduced to a misdemeanor. Petitioner then filed a "Motion to Reopen, Reduce and Resentence Petitioner . . . and Writ of Error

2 -- OPINION AND ORDER

Corum [sic] Nobis" in the Northern District of Indiana. The motion was treated as a successive § 2255 motion, and denied by the district court and court of appeals. <u>Id.</u> at 638-40. Petitioner's subsequent motion for authorization to file a successive § 2255 motion in the district court also was denied. (Attachment 4 to Habeas Petition.)

In the instant proceeding, petitioner seeks to have his career offender enhancement vacated, and to be resentenced to 97 months imprisonment.

## **DISCUSSION**

It is well settled that a § 2255 motion is the exclusive means by which a federal prisoner may test the legality of his detention unless it appears that § 2255 is inadequate or ineffective. <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006), <u>cert. denied</u>, 127 S.Ct. 1896 (2007); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000).

The Ninth Circuit has held that § 2255 is inadequate or ineffective when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. <u>Stephens</u>, 464 F.3d at 898. The burden to show that a § 2255 is ineffective or inadequate rests upon petitioner. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

3 -- OPINION AND ORDER

Although there is some question regarding petitioner's diligence, petitioner arguably has not had an "unobstructed procedural shot" at presenting his claim. When petitioner filed his first §2255 motion, his Indiana conviction had yet to be reclassified and the district court denied petitioner's motion to stay the § 2255 proceeding pending his state challenge. When petitioner finally obtained relief in the Indiana, petitioner was not permitted to file a successive § 2255 motion.

However, petitioner has made no showing that he is actually innocent of the Indiana charges *or* the sentencing enhancement. Petitioner's attempt to "analogize[] his situation to that of the prisoner whose conduct was rendered non-criminal only after the prisoner had exhausted his direct appeal and § 2255 remedies", fails due to the fact that petitioner does not challenge his culpability in the action leading to his Indiana conviction. On the contrary, he pled guilty to the charge. In this circuit, a claim of actual innocence requires petitioner to demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Stephens, 464 F.3d at 898. Petitioner has made no such showing.

Moreover, *assuming* that actual innocence of the sentencing enhancement could satisfy the gatekeeping provision of § 2255, petitioner has failed to make an adequate showing of innocence absent proof that his state predicate offense was reversed or

4 -- OPINION AND ORDER

vacated because of errors of law, subsequently-discovered evidence exonerating him, or constitutional invalidity.  See <u>Matlock v. Daniels</u>, 2007 WL 614171 *2 (D.Or. Feb. 16, 2007) (opining that actual innocence of predicate offense not sufficient to demonstrate § 2255 inadequate or ineffective); <u>Edwards v. Daniels</u>, 2006 WL 3877525 *3 (D.Or. Dec. 21, 2006) (same); <u>Poole v. Dotson</u>, 469 F.Supp.2d 329, 337-39 (D.Md. 2007) (allowing § 2241 proceeding based upon petitioner's showing that state predicate offense vacated based on legal error); U.S.S.G. § 4B1.1, application notes 6 & 10.

## **CONCLUSION**

Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his confinement. Accordingly, respondent's motion to dismiss (#11) is GRANTED, petitioner's habeas corpus petition (#1) is DENIED, and this proceeding is DISMISSED, without prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

DATED this ____17th____ day of March, 2008.

                                              /s/ Garr M. King
                                           Garr M. King
                                           United States District Judge

5 -- OPINION AND ORDER